DOWNEY BRAND LLP
STEPHEN J. MEYER (Bar No. 75326)
TORY E. GRIFFIN (Bar No. 186181)
KELLY L. POPE (Bar No. 235284)
1420 Rocky Ridge Dr., Suite 250
Roseville, CA  95661-2859
Telephone: (916) 773-2100
Facsimile: (916) 773-4004
smeyer@downeybrand.com
tgriffin@downeybrand.com
kpope@downeybrand.com

Attorneys for Plaintiff
Net Connection Hayward, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Net Connection Hayward, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>City of Hayward,<br><br>Defendant. | Case No.  C13-1212 JSC<br><br>[PROPOSED] ORDER GRANTING ~~EX PARTE~~ MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |

On March 26, 2013, at 10 a.m./~~p.m.~~, the ~~Ex Parte~~ Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Junction Should Not Issue ("Motion"), as filed by Plaintiff NET CONNECTION HAYWARD, LLC ("Plaintiff"), the request for judicial notice, declarations, and memorandum of points and authorities in support thereof, were considered by this Court.  Attorney Tory E. Griffin appeared on behalf of Plaintiff. Attorney Viglia appeared on behalf of Defendant City of Hayward ("Defendant").  Notice of this Ex Parte Application was properly given pursuant to Local Rule 65-1(b).

Having reviewed the moving papers and heard argument of counsel, and being fully informed on the matter, the Court finds that Plaintiff is likely to succeed on its claims that Defendant deprived Plaintiff of due process and violated Plaintiff's right to equal protection, and

1   that Plaintiff will suffer irreparable harm and loss if Defendant is permitted to continue its efforts

2   to deprive Plaintiff of its right to operate its business.

3          Accordingly, IT IS HEREBY ORDERED that:

4          Defendant, and its agents, employees, successors, attorneys, and all persons in active

5   concert and participation with it or them, are temporarily restrained from:

6          1.      Engaging in or performing any act to enforce the City's Ordinance No. 13-03,

7   entitled "An Urgency Measure Adopting an Interim Ordinance Pursuant to Government Code

8   Section 65858 Imposing a Temporary Moratorium on the Development, Establishment and

9   Operation of Computer Gaming and Internet Access Businesses Within the City of Hayward"

10   ("Ordinance"), against Plaintiff or otherwise utilizing the Ordinance, or any extension thereof

11   pursuant to California Government Code section 65858, as a basis for any effort to force Plaintiff

12   to cease and desist its operations.

13          2.      Attempting to extend any provision of the Ordinance that purports to declare

14   unlawful Plaintiff's existing operations.

15          3.      Engaging in or performing any act to enforce the California Bureau of Gambling

16   Control's Law Enforcement Advisory, Number 11 entitled "Internet Cafes," and dated December

17   5, 2012 (the "Bulletin"), against Plaintiff.

18          4.      Engaging in or performing any act that interferes with Net Connection's operation

19   of its business on the property located at 778 B Street, Hayward, California, including, but not

20   limited to, attempting to force Net Connection to cease and desist its operations at 778 B Street,

21   Hayward, California, whether through an action under Penal Code § 11225 et seq., issuance of

22   cease and desist orders, seizure of Net Connection's assets, or otherwise, until such time as a

23   judicial determination as to the legality of Net Connection's operations can be made by this

24   Court.

25          Defendant is ordered to appear before this Court on _April 9_, 2013, at _10_ o'clock

26   a.m./p.m., and show why a preliminary injunction should not be granted enjoining Defendant and

27   its agents, employees, successors, attorneys, and all persons in active concert and participation

28   with it or them from committing the above-described acts during the pendency of this action.

1307283 1                                                    2

1  Plaintiff shall serve a copy of this order and all supporting pleadings and papers on Defendant by

2  Mar. 27, 2013. ~~If Defendant intends to submit papers in opposition to the entry of a~~

3  ~~preliminary injunction, it shall file and serve those papers by _____, 2013, and Plaintiff~~

4  ~~shall file and serve any reply to said opposition by _____, 2013.~~

5  No bond required.

6

7  DATED: March 26, 2013

8

9                                    UNITED STATES DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING TRO AND OSC

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Downey Brand LLP, 1420 Rocky Ridge Dr., Suite 250, Roseville, California, 95661-2859.  On March 19, 2013, I served the within document(s):

**[PROPOSED] ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY E-MAIL:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Roseville, California addressed as set forth below.

☒ **BY OVERNIGHT MAIL:** by U.S. Express Mail for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael S. Lawson
City Attorney
City of Hayward
777 B Street
Hayward, CA 94541-5007
Phone:  (510) 583-4450
Facsimile: (510) 583-3660

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 19, 2013, at Roseville, California.

_____
*s/Janna Ruth*
Janna Ruth