```
 1  DOWNEY BRAND LLP
    STEPHEN J. MEYER (Bar No. 75326)
 2  TORY E. GRIFFIN (Bar No. 186181)
    KELLY L. POPE (Bar No. 235284)
 3  1420 Rocky Ridge Dr., Suite 250
    Roseville, CA  95661-2859
 4  Telephone: (916) 773-2100
    Facsimile: (916) 773-4004
 5  smeyer@downeybrand.com
    tgriffin@downeybrand.com
 6  kpope@downeybrand.com

 7  Attorneys for Plaintiff
    Net Connection Hayward, LLC
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Net Connection Hayward, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>City of Hayward,<br><br>Defendant. | Case No.  C13-1212 JSC<br><br>[PROPOSED] ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |

On March  26 , 2013, at  10  a.m./p.m., the Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Junction Should Not Issue ("Motion"), as filed by Plaintiff NET CONNECTION HAYWARD, LLC ("Plaintiff"), the request for judicial notice, declarations, and memorandum of points and authorities in support thereof, were considered by this Court.  Attorney Tory E. Griffin appeared on behalf of Plaintiff. Attorney Viglia appeared on behalf of Defendant City of Hayward ("Defendant").  Notice of this Ex Parte Application was properly given pursuant to Local Rule 65-1(b).

Having reviewed the moving papers and heard argument of counsel, and being fully informed on the matter, the Court finds that Plaintiff is likely to succeed on its claims that Defendant deprived Plaintiff of due process and violated Plaintiff's right to equal protection, and

that Plaintiff will suffer irreparable harm and loss if Defendant is permitted to continue its efforts to deprive Plaintiff of its right to operate its business.

Accordingly, IT IS HEREBY ORDERED that:

Defendant, and its agents, employees, successors, attorneys, and all persons in active concert and participation with it or them, are temporarily restrained from:

1. Engaging in or performing any act to enforce the City's Ordinance No. 13-03, entitled "An Urgency Measure Adopting an Interim Ordinance Pursuant to Government Code Section 65858 Imposing a Temporary Moratorium on the Development, Establishment and Operation of Computer Gaming and Internet Access Businesses Within the City of Hayward" ("Ordinance"), against Plaintiff or otherwise utilizing the Ordinance, or any extension thereof pursuant to California Government Code section 65858, as a basis for any effort to force Plaintiff to cease and desist its operations.

2. Attempting to extend any provision of the Ordinance that purports to declare unlawful Plaintiff's existing operations.

3. Engaging in or performing any act to enforce the California Bureau of Gambling Control's Law Enforcement Advisory, Number 11 entitled "Internet Cafes," and dated December 5, 2012 (the "Bulletin"), against Plaintiff.

4. Engaging in or performing any act that interferes with Net Connection's operation of its business on the property located at 778 B Street, Hayward, California, including, but not limited to, attempting to force Net Connection to cease and desist its operations at 778 B Street, Hayward, California, whether through an action under Penal Code § 11225 et seq., issuance of cease and desist orders, seizure of Net Connection's assets, or otherwise, until such time as a judicial determination as to the legality of Net Connection's operations can be made by this Court.

Defendant is ordered to appear before this Court on April 9, 2013, at 10 o'clock a.m./p.m., and show why a preliminary injunction should not be granted enjoining Defendant and its agents, employees, successors, attorneys, and all persons in active concert and participation with it or them from committing the above-described acts during the pendency of this action.

1  Plaintiff shall serve a copy of this order and all supporting pleadings and papers on Defendant by
2  Mar. 27, 2013. ~~If Defendant intends to submit papers in opposition to the entry of a~~
3  ~~preliminary injunction, it shall file and serve those papers by _____, 2013, and Plaintiff~~
4  ~~shall file and serve any reply to said opposition by _____, 2013.~~
5  No bond required.
6
7  DATED: March 26, 2013

                                                    _____
                                                    UNITED STATES DISTRICT COURT JUDGE

1307283.1                              3
                    [PROPOSED] ORDER GRANTING TRO AND OSC

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Downey Brand LLP, 1420 Rocky Ridge Dr., Suite 250, Roseville, California, 95661-2859. On March 19, 2013, I served the within document(s):

**[PROPOSED] ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY E-MAIL:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Roseville, California addressed as set forth below.

☒ **BY OVERNIGHT MAIL:** by U.S. Express Mail for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael S. Lawson
City Attorney
City of Hayward
777 B Street
Hayward, CA 94541-5007
Phone: (510) 583-4450
Facsimile: (510) 583-3660

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 19, 2013, at Roseville, California.

_s/Janna Ruth_
Janna Ruth

1307704.1